James T. BUSSEY, Plaintiff-Appellant,

v.

GEORGIA BANKAMERICARD,
Defendant-Appellee.

Margaret C. INGRAM,
Plaintiff-Appellant,

v.

GEORGIA BANKAMERICARD,
Defendant-Appellee.

James V. DORSEY, Plaintiff-Appellant,

v.

GEORGIA BANKAMERICARD,
Defendant-Appellee.

Nos. 75–1353 to 75–1355
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 24, 1975.

Rehearing and Rehearing En Banc
Denied Oct, 3, 1975.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

E. Lundy Baety, Atlanta, Ga., for plaintiffs-appellants.

W. Rhett Tanner, Atlanta, Ga., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

This is a consolidation of three appeals[1] from the United States District Court for the Northern District of Georgia, dealing with the question of whether Georgia BankAmericard made proper disclosures to its customers in its periodic statements of account, as required by the Truth in Lending Act and the regulations promulgated thereunder. 15 U.S.C.A., § 1601 et seq. (1970) and Federal Reserve Board Regulation Z, 12 C.F.R., § 226.1 et seq. (1975). After the parties filed opposing motions for summary judgment in the court below, the matter was assigned to a special master to enter findings and a recommendation for proper disposition. Rule 53, Fed.R.Civ.P., 28 U.S.C.A. (1970). The special master determined that summary judgment should be granted in favor of Georgia BankAmericard. The District Court adopted the

---

1. All of these cases involve precisely the same issues, and in all of them motions for summary judgment were granted in favor of Georgia BankAmericard in the court below.

master's recommendation and this appeal followed. We affirm in all respects.

Rather than rephrase that which has already been decided and with which we agree, we incorporate, as our opinion, the applicable portions of the special master's report and the District Court Order in Bussey v. Georgia BankAmericard, No. 75–1353. We also attach hereto a copy of Georgia BankAmericard's monthly statement, the format of which provided the focal point for this litigation.

## "RECOMMENDATION OF BANK-RUPTCY JUDGE W. HOMER DRAKE, JR. SITTING AS SPECIAL MASTER

Plaintiff brings this action under the Truth-In-Lending provision of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq., and Regulation Z promulgated pursuant thereto, to recover statutory damages, reasonable attorneys fees, and the costs of this action. This case was assigned to the undersigned as Special Master pursuant to Rule 250 of the United States District Court for the Northern District of Georgia.

Plaintiff is a credit card customer of Georgia BankAmericard, which is a trade style of The First National Bank of Atlanta. Plaintiff's claims relate to the periodic statement sent to plaintiff monthly by Georgia BankAmericard pursuant to an open end credit arrangement between plaintiff and Georgia BankAmericard. The open end credit arrangement provides an account by which The First National Bank of Atlanta, doing business as its trade style, Georgia BankAmericard, makes advances on behalf of plaintiff upon presentation to the Bank of appropriate merchant sales drafts, or makes cash advances to plaintiff upon his application. The Bank charges a monthly finance charge respecting the account and charges a fixed percentage on cash advances at the time of an advance, all in accordance with the Lender Credit Card Act of the State of Georgia, Ga.Code Ann. § 28–501 et seq.

The plaintiff contends that the periodic statement which the defendant utilized with respect to plaintiff was deficient in that the terms 'annual percentage rate' and 'finance charge' were not disclosed more conspicuously than other disclosures required by the Act and Regulation; that the disclosures relating to the finance charge were not made in the terminology required by the Act and Regulation; that the 'periodic rate' was not disclosed; and that the information disclosed on the periodic statement was not in a meaningful sequence.

\* \* \* \* \* \*

The defendant filed a motion for summary judgment on August 6, 1974, and the plaintiff thereafter also filed a motion for summary judgment, and opposed defendant's motion for summary judgment.

\* \* \* \* \* \*

II. DISCLOSURE OF THE TERMS 'ANNUAL PERCENTAGE RATE' AND 'FINANCE CHARGE'—CONSPICUOUSNESS AND TERMINOLOGY USED

The periodic statement of defendant utilizes a color-coordinated scheme to emphasize the disclosures required by the Regulation and the Act to be more 'conspicuous'. Attached to the motion for summary judgment of defendant and in support thereof is an affidavit which includes a periodic statement in its original form showing the colors as they appear on the statement as sent to customers of BankAmericard. The disclosures required to be 'more conspicuous', that is, disclosures of 'annual percentage rate' and 'finance charge' (See Regulation Z, § 226.6(a) (12 C.F.R. § 226.6(a) are offset on a yellow background, which contrasts with the blue background for all the remaining disclosures required by the Act and Regulation. This Court finds that such color offset system of disclosure does cause these disclosures to be 'more conspicuous' than the other disclosures required by the Act and Regulation. Plaintiff contends further, however, that even though this color contrast exists

that, since not only is the total finance charge disclosed in this manner, but also the itemized portions of the finance charge are so disclosed, a violation of the Act and Regulation results. This Court finds this contention to be without merit.

The controlling Regulation is Regulation 'Z' § 226.7(b)(4) (12 C.F.R. § 226.-7(b)(4), which requires a periodic statement setting forth:

'(4) The amount of any finance charge, using the term "finance charge," debited to the account during the billing cycle, itemized and identified to show the amounts, if any, due to the application of periodic rates and the amount of any other charge included in the finance charge, such as a minimum, fixed, check service, transaction, activity, or similar charge, using appropriate descriptive terminology.'

■ This Court finds that the periodic statement used by defendant complies with this Regulation. The statement applies the appropriate descriptive terminology to the finance charge disclosure in all its aspects. It does so with respect to the required itemization of the components of the finance charge by using appropriate descriptive terminology of 'periodic finance charge at 1½%' and 'cash advance finance charge at 4%', and it does so with respect to the entire finance charge with the appropriate descriptive terminology of 'total' finance charge.

This is in accord with the purpose of the Act and Regulation to assure 'meaningful information' to consumers. The method used by defendant provides to the consumer in a meaningful way, information concerning those items which make up the entire finance charge, and the entire finance charge as a 'total'.

The periodic statement, therefore, complies with *both* the 'conspicuity' re-

quirements of Regulation Z § 226.6(a) (12 C.F.R. § 226.6(a)), and the finance charge disclosure requirements respecting periodic statements of Regulation Z § 226.6(b)(4) (12 C.F.R. § 226.7(b)(4).[1-A]

■ Plaintiff also contends that defendant failed to disclose the 'periodic rate' pursuant to Regulation Z § 226.-7(b)(5) (12 C.F.R. § 226.7(b)(5). This Court finds that defendant has complied with this Regulation by the statement at the lower, left-hand corner on the face of the periodic statement, describing that 'the <u>monthly periodic rate of 1½%</u> results in a corresponding nominal annual percentage rate of 18%.' (underlining added).

### III. THE SEQUENCE OF DISCLOSURE

■ Plaintiff has contended that the disclosures made by defendant are not in 'meaningful sequence' as required by Regulation Z § 226.6(a) (12 C.F.R. § 226.-6(a)). This contention is without merit. The disclosures of defendant are itemized in an arithmetical sequence which this Court finds to be understandable, clear, and in accordance with the requirements of the Act and Regulation.

### IV. CONCLUSION

In accordance with the foregoing, this Court does hereby:

\*    \*    \*    \*    \*    \*

2) deny the motion for summary judgment of plaintiff; and

3) grant the motion for summary judgment of defendant.

This 23 day of September, 1974.

s/W. H. Drake Jr
W. HOMER DRAKE, JR.
Bankruptcy Judge"

---

**1-A.** It should be noted that even if there were doubt as to whether or not the disclosures of the itemized portions of finance charge required a more conspicuous treatment, the Federal Reserve Board in its informal opinion letter No. 612 of June 12, 1972, as stated: 'It seems to us that in an abundance of caution, creditors might want to make the terms "finance charge" and "annual percentage rate" more conspicuous wherever there is a doubt as to whether the terms are required to be used.' For the effect of such letter, see Philbeck v. Timmers Chevrolet, 5 Cir., 1974, 499 F.2d 971.

"ORDER

\*     \*     \*     \*     \*     \*

Upon consideration of the recommendations and the briefs of counsel for the parties, the court is of the opinion that the reasoning of the Special Master is sound and that the result reached is correct.

The plaintiff maintains that the defendant violated the Act and Regulation 'Z' by failure to (1) reveal the terms, 'Annual Percentage Rate' and 'Finance Charge' more conspicuously than other required terminology on the periodic statement (2) use the required wording and (3) make disclosures in a 'meaningful sequence.'

■ 12 C.F.R. § 226.6(a) does provide that the terms 'finance charge' and 'annual percentage rate' must be printed 'more conspicuously' than other language. In the present case the defendant used a yellow background to offset the annual percentage rate and finance charges, as contrasted to a blue background for other disclosures. The Special Master correctly decided that this practice was adequate. The plaintiff, though, argues that because the defendant used a yellow background for 'periodic finance charge', 'cash advance finance charge' and 'total finance charge', the latter category was not 'more conspicuous'. Reliance is placed on several Federal Reserve Board Opinion Letters. However, these letters do not say that the statement is violative of Regulation 'Z' if the total finance charge and component finance charges are both shown with the same degree of conspicuousness. As noted by the Special Master, one letter, in fact, advises the creditor to make the finance charge 'more conspicuous wherever there is a doubt as to whether the terms are required to be used.' Federal Reserve Board Opinion Letter No. 612, June 12, 1972.

The plaintiff also contends that the defendant violated the Act in failing to use the exact terms, 'finance charge' or 'periodic rate'. The defendant, instead, employed the expressions, 'periodic finance charge', 'cash advance finance charge', 'total finance charge' and 'the monthly periodic rate of 1½% results in a corresponding nominal annual percentage rate of 18%.' 12 C.F.R. § 226.7(b) provides that the periodic statement must set forth:

(4) The amount of any finance charge, using the term 'finance charge,' . . . itemized and identified to show the amounts, if any, due to the application of periodic rates and the amount of any other charge in the finance charge, . . . using appropriate descriptive terminology.

(5) Each periodic rate, using the term 'periodic rate' (or 'rates'), that may be used to compute the finance charge . . . the range of balances to which it is applicable, and the corresponding annual percentage rate. . . . ;

■ Here, the Special Master correctly concluded that the defendant complied with both of these subsections. The addition of the words 'periodic', 'cash advance' and 'total' were appropriate descriptive terminology, which would aid in itemizing and identifying the financial charges. Thus, they could be added without violating Section 226.-7(b)(4). Moreover, the insertion of the word 'monthly' before 'periodic rate' does not offend 12 C.F.R. § 226.7(b)(5), for that subsection also requires information as to 'the range of balances' to which the 'periodic rate' is applicable.

The Special Master's finding is further supported by 12 C.F.R. § 226.6(c), which provides that:

At the creditor's option, additional information or explanations may be supplied with any disclosure required by this part, but none shall be stated, utilized, or placed so as to mislead or confuse the customer or contradict, obscure, or detract attention from the information required by this part to be disclosed. . . .

None of the language in issue here can be considered as misleading or confusing to the consumer or as contradicting, obscuring or detracting attention from the other necessary information. In fact, the inclusion of these words aids the disclosure.

■ Finally, the plaintiff urges that the sequence of the disclosures is not 'meaningful' as required by 12 C.F.R. § 226.6(a). However, examination of the statement shows that the information is logically itemized in arithmetical order with the 'periodic rate' disclosure directly tied to the sequence by an asterisk. Therefore, the Special Master properly determined that there was no violation of the Act or Regulation 'Z'.

■ The purpose of the Act is 'to assure consumers a meaningful disclosure of credit provisions, thus to enable the consumer to compare more readily various available credit terms and to avoid the uninformed use of credit.' Philbeck v. Timmers Chevrolet, Inc., 499 F.2d 971, 976 (5th Cir. 1974). The findings of the Special Master are consistent with this purpose and are approved and adopted.

Accordingly, let final judgment issue in favor of the defendant.

So ordered this the 12 day of December, 1974.

s/ Albert J. Henderson, Jr.
Judge, United States District Court for the Northern District of Georgia"

GEORGIA BANKAMERICARD®

This is a photostatic copy of the face of a Georgia BankAmericard periodic statement. A color-coordinated format is employed on the statement to indicate the various balances on a customer's account and the components which make up any one balance.

Specifically, the color-coordinated scheme is used for the blocks of numbers which appear on the bottom two rows of the statement. The majority of the items on these two rows are printed in blue ink on a light blue background, but some items are printed in the contrasting tone of blue ink

on a light beige background. Since this black and white reproduction of the statement does not readily reveal the color contrasts, a description is in order.

The items printed in blue ink on a light blue background are:

(1) "previous balance"
(2) "cash advances"
(3) "regular charges"
(4) "delinquency charges"
(5) "insurance"
(6) "payments"
(7) "credits".

The items printed in blue ink on a light beige background are:

458

(1) "periodic finance charge @ 1½%"
(2) "cash advance finance charge @ 4%"
(3) "total finance charge"
(4) "annual percentage rate".

All other items on the statement are printed in blue ink on a white background.