**Robert Lee HOLLOWAY, Plaintiff,**

v.

**JOHN E. SMITH'S SONS COMPANY, DIVISION OF HOBAM, INCORPORATED, Defendant.**

**Civ. A. No. 76–948.**

United States District Court, D. S. C.

May 5, 1977.

Roy E. Garris, Jr., Garris & Garris, Columbia, S.C., for plaintiff.

James W. Alford, Columbia, S.C., for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HEMPHILL, District Judge.

On May 30, 1974, plaintiff was feeding meat into a grinding machine at Dreher Packing Company in Columbia, South Carolina, when his arm became engaged in a worm-type cutting blade which resulted in the amputation of plaintiff's left arm. The grinding machine, a "Buffalo Meat Grinder, Model 66BX", had been purchased from John E. Smith's Sons Company in 1955 by Dreher Packing Company. On May 28, 1976, this suit was instituted by the service of the Summons and Complaint upon the defendant, seeking more coverage from the defendant for injuries resulting to plaintiff.

The defendant in this action, John E. Smith's Sons Company, Division of Hobam, Inc., legally came into existence in 1962 when Hobam, Inc., purchased the assets in the name of the John E. Smith's Sons Company. Hobam itself was organized in 1957, two years after the manufacture of the

meat grinder in question. The defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that it was not the manufacturer or the seller of the meat grinder in which the plaintiff was injured. Defendant disclaims any responsibility whatsoever for defective design or manufacture on the grounds that the product was manufactured and marketed by another corporation. The defendant also relies to some extent on the contractual agreement for purchase and sale of assets by and between the Smith Corporation and Hobam, wherein Hobam did not agree to assume liability for products liability claims arising out of sales made by the Smith Corporation prior to the 1962 sale of assets. The plaintiff contends that the present defendant, for purposes of products liability, is merely a continuation of the company whose assets were purchased by Hobam in 1962. It is plaintiff's position, quite simply, that the provisions in the purchase and sale agreement between the Smith Corporation and Hobam which purport to limit liability in product liability suits is not binding as to third parties.

The question of whether or not the corporation which purchases the assets of another business entity is a continuation of the previous entity for purposes of products liability was expressly considered in the case of *Cyr v. B. Offen & Co., Inc.*, 501 F.2d 1145 (1st Cir. 1974). In that case, the defendant, B. Offen & Co., Inc., contended that it should not be held liable for the actual admissions of its predecessor, B. Offen Co. That lawsuit involved products liability litigation concerning the design, manufacture and installation of drying ovens which operate in conjunction with a commercial printing press. The press was designed, manufactured and sold by B. Offen Co., a sole proprietorship. The proprietor of B. Offen Co. died and a group of investors, consisting largely of former employees, purchased the company from the executor. In that case the successor corporation assumed all service obligations and continued under what was essentially the identical name of its predecessors. The court found that the purchase of good will and contract obligations was central to the agreement. As in the present case, the contract of sale between the executor of the original proprietor's estate and B. Offen & Co., Inc., assumed all liabilities of the previous corporation except those arising in tort.

The First Circuit, in an exhaustive and persuasive discussion of this question, began by setting out the general rule of law in the area,

> We start from the premise that a transferee of assets is not under ordinary circumstances liable for the debts of its predecessor. The factual inquiry is mandated, as exceptions to this rule traditionally exist where: (1) there is an express or implied assumption of liability; (2) the transaction amounts to consolidation or merger; (3) the transaction was fraudulent; (4) some of the elements of a purchaser in good faith were absent; and (5) the transferee corporation was a mere continuation or reincarnation of the old corporation. (Citations omitted.)

In this case the court is concerned with the fifth exception mentioned above, wherein the transferee corporation is merely a continuation or reincarnation of the old corporation. In finding that the district court properly denied the defendant's motion for summary judgment, the Circuit Court held:

> Finally, a corporation itself cannot act. It can conduct its business only through its officers and employees. The negligence of employees in carrying out that business is the responsibility of the corporate body. If as a group the same employees continue, without pause to produce the same products in the same plant, with the same supervision, the ownership of the entity which maintains essentially the same name cannot be the sole controlling determinant of liability.

> If it be argued that liability is thus made open-ended, as in the case of accidents following a long lapse of time from the date of sale, we note that even the original manufacturer may be subject to such liability or, if not, the successor could mount the same defenses of age or obsolescence. . . . .

In the present case the plaintiff has established, through discovery, that the business continued at its same address with virtually all of its previous employees. Hobam, Inc. was responsible for performance of maintenance and repairs on machinery, equipment and products sold by John E. Smith's Sons Company prior to July 2, 1962 and continued manufacturing the same or similar products as the predecessor corporation. Finally, it is noteworthy that the defendant is now holding itself out to the public as a business entity under a name which is virtually identical to its predecessor corporation. Under the reasoning of the court in the *Cyr* case, it is clear that the plaintiff's claim cannot be denied as a matter of law at this time.[1]

The defendant also contends that it is insulated, as a matter of law, from any tort liability which may have been incurred by its predecessor by the contractual provisions in the purchase agreement executed by the parties in 1962. The parties have referred to portions of the purchase agreement executed by Hobam and John E. Smith's Sons Company in 1962, but neither side has properly brought this document before the court. It appears from defendant's answers to plaintiff's Supplemental Interrogatories Nos. 24 and 27 that counsel have exchanged this document and informally agree on its authenticity. Nevertheless, before the document may properly be used as the factual basis for a motion for summary judgment pursuant to Rule 56 it must be filed with the court and its genuineness must be admitted by both parties. For this reason, the defendant's motion for summary judgment based upon the terms of the 1962 purchase agreement must also be denied.

Therefore, for the foregoing reasons, the defendant's motion for summary judgment is denied.

AND IT IS SO ORDERED.

---

1. For a different analysis reaching the same result see the District Court order in *Shane v. Hobam, Inc.*, 332 F.Supp. 526 (E.D.Pa.1971).