576 P.2d 1026 (1978)
McINTIRE & QUIROS OF COLORADO, INC., Plaintiff-Appellant,
v.
WESTINGHOUSE CREDIT CORPORATION, Associates Commercial Corporation, Luke Anthony, Kenneth O. King, Bob Ryle, Tommy Scott, Fred Mautner, Terrence M. Schumacher, Jerry S. Avila, Kathryn Avila, William B. Lowe, Barbara M. Lowe, Phillip E. Kelsall, Eileen L. Kelsall, Richard G. Freeman, Jr., Diana L. Freeman, H. Conway Gandy, Carol A. Gandy, and Fidelity Mortgage Investors, Defendants-Appellees, and
Steamboat Lakes Development Company, a corporation, Middle Park Land and Cattle Company, a corporation, Fidelity Mortgage Investors, a Real Estate Investment Trust, First Pennsylvania Bank, a Banking Corporation, Associates Commercial Corporation, a Delaware Corporation, formerly known as Associates Capital Company, Inc., et al., Defendants.
No. 77-117.
Colorado Court of Appeals, Div. I.
February 23, 1978.
Calkins, Kramer, Grimshaw & Harring, James S. Bailey, Jr., Denver, for plaintiff-appellant.
Welborn, Dufford, Cook & Brown, Beverly J. Quail, Joseph E. Cook, Denver, for *1027 defendant-appellee Westinghouse Credit Corp.
Sharp & Black, P. C., John L. C. Black, Steamboat Springs, for defendant-appellee Associates Commercial Corp.
PIERCE, Judge.
Plaintiff, McIntire and Quiros of Colorado, Inc., (M & Q), brought this action under § 38-22-101, et seq., C.R.S.1973, to foreclose its mechanic's lien against various owners and mortgagees. The trial court dismissed the action as against all but two of the defendants, and certified the dismissal as a final order under C.R.C.P. 54(b). Plaintiff appeals and we reverse.
M & Q performed various surveying and engineering services on property owned by defendants Middle Park Land & Cattle Company (Middle Park) and Steamboat Lakes Development Company (Steamboat). In connection with this work, and pursuant to § 38-22-109, C.R.S.1973, M & Q filed a lien statement on March 18, 1974, naming Middle Park and Steamboat as owners. The original complaint was filed on June 21, 1974, again naming only Middle Park and Steamboat as defendants, and notice of lis pendens was filed on June 24, 1974. M & Q amended their original complaint on October 27, 1975, adding as defendants two mortgagees, Westinghouse Credit Corporation (Westinghouse) and Associates Commercial Corporation (Associates). On March 8, 1976, M & Q again amended its complaint by adding as defendants some 800 persons who had purchased individual lots from Middle Park and Steamboat.
Westinghouse moved to dismiss and Associates joined in this motion. The trial court granted the motion, dismissing the action against all of the defendants except Middle Park and Steamboat. The dismissal was based on the alternative grounds 1) that the amended complaints were untimely, and 2) that the lien statement was insufficient because it inadequately described the property and failed to name the true owners.
Of our own volition, we determine, parenthetically, that the trial court erred in dismissing the complaint against the individual lot owners, since they did not join in the motion to dismiss filed by Westinghouse and joined by Associates. See Trustees of Carpenters & Millwrights Health Benefit Trust Fund v. Angel-Haus Condominium, Ltd., 36 Colo.App. 133, 535 P.2d 259 (1975). However, because we rule that the dismissal was substantively incorrect, the complaint will be reinstated as against all the defendants without regard to this procedural mistake.
Actions to enforce mechanics' liens must be commenced within six months after the last work or labor is performed, § 38-22-110, C.R.S.1973, and this statute of limitations applies to the joinder of additional parties by amendment. Meurer, Serafini & Meurer, Inc. v. Skiland Corp., Colo. App., 551 P.2d 1089 (1976). However, defenses based on statutes of limitation are affirmative in nature, and must be raised by responsive pleading. C.R.C.P. 8(c). They cannot be raised in a motion to dismiss when the affirmative defense has not been raised in the pleadings. McPherson v. McPherson, 145 Colo. 170, 358 P.2d 478 (1960). See 2A J. Moore, Federal Practice, ¶ 12.10 at 2316 (3d ed. 1975). The trial court erred, therefore, when it granted the motion on this basis.
We also reject the argument that dismissal was proper because the lien statement did not comply with the statute. It is true that the description of the property was by metes and bounds, and that the lien statement named Middle Park and Steamboat as owners, even though the property had been platted and subdivided at the time the statement was filed. However, we disagree with the trial court's conclusion that the lien statement was thereby rendered void as against anyone but Middle Park and Steamboat.
Property descriptions in lien statements are adequate so long as they are "sufficient to identify" the property. Section 38-22-109(1)(c), C.R.S.1973. A legal description like the one before us, far from being ambiguous, is one of the standards of accuracy against which the sufficiency of *1028 other descriptions is measured. See Blackman-Shapiro Co. v. Salzberg, 8 Misc.2d 972, 168 N.Y.S.2d 590 (1957). The situation here is not one in which the description covered too small or too large a tract of land. Cf. First National Bank v. Sam McClure & Son, Inc., 163 Colo. 473, 431 P.2d 460 (1967); Cary Hardware Co. v. McCarty, 10 Colo. App. 200, 50 P. 744 (1897). The appellees do not allege that the property was misdescribed. Essentially, they claim the description was too accurate and too technical. We do not accept this criticism, and disagree with Westinghouse and Associates that § 38-22-109(1)(c), should be read to require a particular type of description. The only question is accurate identification, and a legal description by metes and bounds serves this function.
We also disagree with the argument that the lien statement is void because it failed to name the actual owners. In Campbell v. Graham, 144 Colo. 532, 357 P.2d 366 (1960), the Supreme Court was presented with an identical argument. It held that C.R.S. '53, 86-3-9(1), which provided that the name of the owner or reputed owner be named on the lien statement, was not a strict requirement whose violation voided the statement. Instead, it found that the primary question under the statutory scheme was whether the property was sufficiently identified.
We believe Campbell applies here. The current mechanics' lien statute is virtually identical to the 1953 version as far as the requirement of naming the owner is concerned. Nevertheless, defendants attempt to distinguish Campbell on three grounds: 1) the property description here was deficient, while Campbell involved no such deficiency; 2) hundreds of owners are involved here while only one was involved in Campbell; and (3) the lienors here did not make a good faith mistake as a result of their dealings with the named owners. We find these distinctions unpersuasive.
First, as discussed above, the property description here was not defective. Furthermore, contrary to defendants' implication, Campbell did raise a question about the sufficiency of the property description. The court found that the slight misdescription involved was of no consequence, and was not magnified by the failure to name the true owner.
Second, we fail to see how the rule announced in Campbell depends on the number of owners. The heart of the rule is that an accurate description of the property is sufficient to serve as notice to everyone, named and unnamed owners alike, and this is true whether 8 or 800 owners are involved.
Finally, we cannot distinguish Campbell on the ground that the lienors here acted in bad faith. That, of course, is a factual question which is incapable of being answered on a motion to dismiss. The apparent import of appellees' argument on this point is that before taking advantage of Campbell, a lienor has the burden of proving his good faith. This is a novel construction of § 38-22-109(1)(a), and one which we decline to adopt.
We also reject the trial court's conclusion that recent procedural due process cases have rendered Campbell inapplicable. When the Supreme Court found the mechanics' lien statutes constitutional in Bankers Trust Co. v. El Paso Pre-Cast Co., Colo., 560 P.2d 457 (1977), we must assume it did so with full knowledge of the existence of the Campbell rule. While it is true that proper notice was a key to the finding of constitutionality in Bankers Trust, there are no indications that the court's concept of "proper notice" in this regard has changed since Campbell.
The judgment is reversed and the cause remanded with directions to reinstate plaintiff's complaint.
COYTE and ENOCH, JJ., concur.