580 P.2d 818 (1978)
Wayne Richard GRIFFIN and Mona R. Griffin, Plaintiffs-Appellants,
v.
UNITED BANK OF DENVER, a National Association, Defendant-Appellee.
No. 77-660.
Colorado Court of Appeals, Division I.
March 30, 1978.
Rehearing Denied April 20, 1978.
Certiorari Granted June 26, 1978.
*819 Hoyman, Nanney & Dixon, P. C., Thomas F. Dixon, Raymond L. Robert, Denver, for plaintiffs-appellants.
Albert A. Carmosino, Paul D. Oslund, Denver, for defendant-appellee.
COYTE, Judge.
Plaintiffs sought a declaratory judgment that defendant's purported lien on their home was void. Defendant counterclaimed, seeking to foreclose the lien. The trial court found for the defendant, and plaintiffs appeal. We affirm.
The plaintiffs signed a note for a consolidation loan of $10,521.51 from the United Bank of Denver in November 1974. A facsimile of the pertinent portions thereof appears as Figure 1.

In 1975, one year after obtaining the loan with the bank, the plaintiffs filed for bankruptcy, listing this note as a debt but not showing the real property as collateral security. The bank filed its claim in bankruptcy showing a lien on the real property, which the trustee subsequently abandoned. The debt was ultimately discharged. After the real property was released, plaintiffs sent the bank a notice of rescission claiming failure to disclose the type of security and demanding release of the lien.
On appeal plaintiffs argue that no lien was created by the note, but that if a lien were created, the bank violated the disclosure provisions of the Federal Truth-in-Lending Act and the Colorado Consumer Credit Code and that therefore plaintiffs' rescission of the transaction was effective.
Plaintiffs first argue that the document reproduced in Figure 1 does not give rise to a lien, and that the bank consequently has no right to foreclose on an equitable mortgage theory.
*820 Whatever the form of the contract, if there is an intent to create a security interest in real property, the contract gives rise to an equitable mortgage. 9 G. Thompson, Real Property § 4711. (J. Grimes 1958 repl. vol.) See Crosby v. Gateway Motel, Inc., 163 Colo. 384, 431 P.2d 23 (1967), and Rocky Mountain Gold Mines, Inc. v. Gold, Silver & Tungsten, Inc., 104 Colo. 478, 93 P.2d 973 (1939).
Plaintiffs argue that because the words "For Bank Use Only" were not stricken, the legal description of the property contained in the note had no significance, and that therefore, no lien attached to the real property. This argument ignores the presence of the asterisks following the word "Lein," and preceding the legal description, which link the two parts of the description of the security.
The trial court found that there was an intent to create a lien on real property and that a lien was created. The promissory note on its face reflects this intention; further, there is additional evidence in the record to support it; hence, the finding of the trial court is binding on us. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453 (1970).
Plaintiffs contend that, because the description of security appeared partly in one place and partly in another on the promissory note, the description of the security was not in meaningful sequence and thus violated the Truth-in-Lending Law, Regulation Z, 12 C.F.R. § 226.6(a), as interpreted in Allen v. Beneficial Finance Co., 393 F.Supp. 1382 (N.D.Ind.1975). However, in Allen there was no connection between the two portions of the description. Here the asterisks relating the two portions of the description are sufficient to make the sequence meaningful.
Plaintiffs also argue that the promissory note does not adequately disclose the type of security, and that the legal description is not a "clear identification" of the property as required by Regulation Z, 12 C.F.R. § 226.8(b)(5), and § 5-3-306(2)(k), C.R.S.1973. The word "Lein," connected by asterisks to the legal description typed at the bottom of the page, sufficiently describes the type of security interest retained (the fact that it was misspelled is without significance). The legal description of a parcel of real estate is one of the standards of accuracy against which the sufficiency of other descriptions is measured. McIntire & Quiros of Colorado, Inc. v. Westinghouse Credit Corp., Colo.App., 576 P.2d 1026 (announced February 23, 1978.) Thus, it is a clear identification of the property. See Kenney v. Landis Financial Group, Inc., 349 F.Supp. 939 (D.Iowa 1972). Moreover, when plaintiffs obtained the loan they signed a disclosure form which clearly warned that they had entered a transaction which might result in a lien, mortgage, or other security interest on their home.
Since the disclosure on the promissory note itself met both federal and state Truth-in-Lending standards, the right of rescission expired at midnight of the third business day following November 27, 1974. Regulation Z, 12 C.F.R. § 226.9(a) and § 5-5-204, C.R.S.1973.
Judgment affirmed.
RULAND and STERNBERG, JJ., concur.