## No. C-1597

### Wayne Richard Griffin and Mona R. Griffin v. United Bank of Denver, a National Association

(599 P.2d 866)

Decided July 23, 1979.

240

Hayman, Nanney & Dixon, P.C., Raymond L. Robert, Thomas F. Dixon, for petitioners.

Marranzino, Tinkler & Carwin, Albert A. Carmosino, Stephen E. Tinkler, for respondent.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

Wayne and Mona Griffin (petitioners) sought relief by way of a declaratory judgment in the Arapahoe County District Court to have a purported lien on their home declared void. The United Bank of Denver (bank), the holder of the lien, counterclaimed to foreclose the lien. The district court entered judgment in favor of the bank, and the Colorado Court of Appeals affirmed in *Griffin v. United Bank of Denver,* 40 Colo. App. 513, 580 P.2d 818 (1978). We granted certiorari and now affirm the judgment of the court of appeals.

On November 17, 1974, the petitioners applied to the bank for a consolidation loan. A loan was approved for the purpose of paying off: (1) a personal debt in the amount of $5,675; (2) a lien on one of the automobiles owned by the petitioners; (3) a note held by the First National Bank of Englewood which was secured by a second mortgage on the petitioners' home in the amount of $3,545.99.

The promissory note signed by the petitioners[1] listed as security "Autos, Lien*" [sic]. At the bottom of the same page, in a box entitled "For Bank Use Only," was the corresponding asterisk followed by the words: "Legal Description: Lot 7, Block 2, Smiths subdivision Arapahoe County." That is the legal description of the petitioners' real property on which their home is located.

---

[1]

(Approx. 4'' of fine provisions of the note omitted.)

The petitioners contend that the purported lien created by this instrument is void because: first, the note did not expressly create such a lien; second, even if a lien was established by the promissory note, the provisions of the Uniform Consumer Credit Code (U.C.C.C.), title 5, C.R.S. 1973, and the Federal Truth-in-Lending Act, title 15, U.S.C., were violated; and third, they had the right to rescind the contract at any time under section 5-5-204, C.R.S. 1973. We disagree.

## I.

A contract must be construed in order to effectuate the intent of the parties. *Centennial Enterprises, Inc. v. Mansfield Development Co.,* 193 Colo. 463, 568 P.2d 50 (1977). In this case, the district court found that the petitioners' intent to create a lien on their real property was established by the plain language of the promissory note and by various supplemental documents which were contemporaneously signed by the petitioners.[2] We need not consider the supplemental documents noted by the district court because the terms of the agreement are clear from the face of the promissory note itself.

In construing a document, courts may not rewrite the provisions thereof, but must enforce an unambiguous contract in accordance with its terms. *Radiology Professional Corporation v. Trinidad Area Health Association,* 195 Colo. 253, 577 P.2d 748 (1978).

The only conceivable ambiguity here is the use of the asterisk. There was insufficient space in the portion of the form entitled "Security" to set forth an accurate description of the property to which the lien attached. Rather than utilize an abbreviated and general description of the property, the bank used an asterisk and set forth the legal description of the real property at the bottom of the same page.

In ascertaining whether certain provisions of an agreement are ambiguous, reference must be made to all provisions of the contract. *Radiology Professional Corporation, supra; Crosby v. Gateway Motel,* 163 Colo. 384, 431 P.2d 23 (1967). As such, the utilization of an asterisk in this promissory note created no ambiguity. Where, as here, asterisks are used to provide a more specific and comprehensible description of the encumbered property, we approve of such a procedure. *Bussey v. Georgia Bankamericard,* 516 F.2d 452 (5th Cir. 1975). The promissory note plainly set forth the terms of the agreement and accurately described the property to which the lien attached. Accordingly, the clear terms of

---

[2] For example, the petitioners contemporaneously signed a right-of-rescission document which stated, immediately prior to their signatures: "Undersigned warrant that they are all customers obligated under this transaction who own or use as their principle residence the real property securing said obligation." Also, it was established that the petitioners knew that the bank required the note of the First National Bank of Englewood to be paid off with the proceeds of the loan because it would not accept less than a second mortgage as security.

the note must be given effect.

## II.

The petitioners next contend that even if the note was legally complete in its creation of the lien, it violated the U.C.C.C. (section 5-3-306, C.R.S. 1973) and the Truth-in-Lending Act (15 U.S.C. § 1639) by its failure to provide a clear, conspicuous identification of the property to which the lien attached. They base this argument on the premise that a legal description of real property is not meaningful to lay persons and thus cannot constitute a "clear identification of the property to which the security interest relates." Section 5-3-306(2)(k), C.R.S. 1973.

We decline to hold as a matter of law that consumers are incapable of understanding a legal description of their real property. The determinative factor is that the description of property must be sufficient to identify the encumbered property. *McIntire & Quiros v. Westinghouse,* 40 Colo. App. 398, 576 P.2d 1026 (1978); *see also Campbell v. Graham,* 144 Colo. 532, 357 P.2d 366 (1961). In determining the sufficiency of a description, we find it axiomatic to state that a complete legal description of real estate constitutes a clear and accurate identification of the property. *McIntire, supra; see also Mawson Peterson Lumber Company v. Sprinkle,* 59 Wyo. 334, 140 P.2d 533 (1943); 52 A.L.R.2d §§ 3(b), 8, 9; 53 *Am. Jur. 2d Mechanics Liens* §§ 213, 215. As such, the requirements of the U.C.C.C. and the Truth-in-Lending Act are met by the use of a legal description of the property to which a lien attaches.

## III.

The petitioners lastly contend that they had the right to rescind this agreement under section 5-5-204, C.R.S. 1973. That section enables consumer debtors to rescind loan transactions, such as the one in this case, within three days of either consummation of the transaction or the delivery of statutorily required disclosures. The petitioners argue that there was no meaningful disclosure of the security interest and a clear identification of the property as mandated by section 5-3-306(2)(k), C.R.S. 1973, and thus that their right to rescind never expired.

As we have noted, the imposition of the lien on the real property was clear and unambiguous and the property was clearly identified. Under section 5-5-204, C.R.S. 1973, their right to rescind the transaction expired at midnight of the third business day following November 27, 1974.

The judgment is affirmed.

JUSTICE LEE and JUSTICE CARRIGAN do not participate.