### In re the MARRIAGE OF Ruth K. VICKERS, Appellant,

### and

### Charles S. Vickers, Appellee.

No. 82CA1279.

Colorado Court of Appeals, Div. II.

May 17, 1984.

Rehearing Denied June 28, 1984.

Wyatt & Martell, James A. Martell, Fort Collins, for appellant.

Allen, Rogers, Metcalf & Vahrenwald, Donald E. Johnson, Fort Collins, for appellee.

VAN CISE, Judge.

In this dissolution of marriage action, wife appeals from the permanent orders relating to division of property. We reverse.

The parties were both widowed when they married in 1967 and each had minor children from a prior marriage. They entered into an antenuptial agreement which provided that each would keep, as separate property, whatever he or she owned prior

to the marriage. The agreement also provided that property which either party would "acquire or become entitled to" during the marriage would remain his or her separate property and, further, that neither party would acquire any interest in the income or increase of the other party's property.

As found by the trial court, approximately four months after the marriage, the parties purchased an unimproved lot and had a house constructed thereon (the residence). Wife paid approximately $13,000 from her separate assets, and husband contributed approximately $3,500 in kind through his labor for the contractor. The parties jointly borrowed the remaining funds. Title was initially taken in their joint names.

Approximately two months after acquisition of the lot and before completion of the house, husband quitclaimed his interest to the wife. During the marriage both parties contributed to the family expenses. Husband generally made the house loan payments.

At a hearing in 1981 on temporary orders, the court found that the residence was wife's separate property and that the house loan payments made by husband were additional gifts to her. However, it concluded that the antenuptial agreement did not apply to the appreciation in value of the residence.

In 1982, following a hearing on permanent orders, the court repeated its conclusion that the antenuptial agreement did not apply to the increase in the value of the residence, which increase it determined to be marital property. It then proceeded to divide this increase 60% to wife and 40% to husband, and ordered wife to pay husband his share, after deducting debts from husband to wife and expenses incurred by wife in connection with preparation of the residence for sale.

■ We agree with the wife that the trial court erred in considering the increase in value of the residential property as marital and subject to division. Property may be excluded from the marital estate "by valid agreement of the parties," § 14–10–113(2)(d), C.R.S.1973, and such agreed ex-

clusion may, as it does here, relate to the increase in value of separate property. *In re Marriage of Stokes,* 43 Colo.App. 461, 608 P.2d 824 (1979); *In re Marriage of Ingels,* 42 Colo.App. 245, 596 P.2d 1211 (1979).

■ The evidence does not support the trial court's holding that the agreement was not intended to include the residence. At a hearing in July 1982, husband testified that he believed that the equity growth in the property was partly his property. However, at the trial the following month, husband, a real estate agent, admitted that he knew the effect of delivering a quitclaim deed to wife, and that he intended to convey his entire interest to wife. This evidence does not indicate any agreement to treat the residence or the increase in value thereof as outside the parties' antenuptial agreement.

■ Here, as in *Stokes* and *Ingels,* the parties had a valid and binding agreement which included, as their separate property, assets acquired subsequent to the marriage and the increases in value of any separate property. In light of the unambiguous provisions of the agreement to this effect and the court's determination that the residence and the house loan payments were separate property of wife, it was error to consider the increase in its value as marital property. The court was required to enforce the parties' agreement in accordance with its terms. *See Griffin v. United Bank,* 198 Colo. 239, 599 P.2d 866 (1979); *see also In re Marriage of Franks,* 189 Colo. 499, 542 P.2d 845 (1975).

The judgment is reversed and the cause is remanded to the trial court for such adjustments in its permanent orders as may be required after setting aside to the wife as her separate property the increase in value in the residential property.

SMITH and STERNBERG, JJ., concur.