**LOWELL STAATS MINING COMPANY, INC., Plaintiff,**

v.

**PIONEER URAVAN, INC., Defendant.**

**Civ. A. No. 82–K–2039.**

United States District Court, D. Colorado.

Nov. 2, 1984.

William G. Waldeck, Joseph C. Coleman, Dufford, Waldeck, Ruland, Wise & Milburn, Grand Junction, Colo., for plaintiff.

Gregory K. Hoskin, Theodore Allegra, Nelson, Hoskin, Groves & Prinster, Grand Junction, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

During the late spring and summer of 1978, representatives of Pioneer Uravan, Inc. entered into negotiations with Lowell Staats Mining Company, Inc., an independent mining contractor, regarding mine development and mining on certain property owned by Pioneer located in Mesa County, Colorado and Grand County, Utah. The negotiations culminated in a Mine Development and Ore Mining Contract between the parties dated September 15, 1984. The contract provided for Staats to construct a decline mine shaft and perform related mine development work on Pioneer's property. Upon completion of the development work, Staats would mine uranium and vanadium ore on behalf of Pioneer. The contract provided for an initial term of three

years, expiring on September 15, 1981. Thereafter, the contract was to continue on a year to year basis unless terminated by either party on six months prior written notice. In March, 1981, Pioneer elected to terminate the Contract at the end of the initial three year term. Accordingly, Pioneer sent written notice to Staats of the termination. Staats received the notice on March 10, 1981.

Staats' amended complaint alleges two types of claims through six separate claims for relief. The first and second claims for relief allege that Pioneer wrongfully terminated the contract. The remaining claims allege various breaches by Pioneer through its failure to perform or its inadequate performance of its obligations under the contract.

The amended complaint seeks only damage remedies [1] but Staats has also filed a lis pendens providing notice of this action allegedly involving judicial determination of rights affecting an interest in certain real property.

Before me now are Pioneer's motion for summary judgment as to the first and second claims for relief of the amended complaint and Pioneer's motion to release the notice of the lis pendens. The issues have been extensively briefed by both sides [2] and oral argument would not add to the delineation of the issues.

## MOTION FOR SUMMARY JUDGMENT

Pioneer argues that its notice of termination complied with the requirements of the contract and, therefore, Staats has no cause of action for premature termination. The relevant portion of the contract provides:

---

1. At a hearing on October 19, 1984, Magistrate Clifton granted plaintiff's motion to further amend its complaint to add specific performance as a prayer for relief. No such amendment has been filed. The mere possibility that a claim for relief might be filed cannot support a lis pendens.

2. Staats' Memorandum Brief in Opposition to Pioneer Uravan's motion for summary judg-

ment, filed August 23, 1984, totals 24 pages and is far longer than needed to address the issues presented in Pioneer's motion. The brief is an example of the pleading practice sought to be eliminated by Local Rule 408C. Accordingly, Pioneer Uravan has requested that I consider the imposition of sanctions authorized by 28 U.S.C. § 1927 for excessive and prolix briefs. I reserve judgment on this request.

3. (e) Unless terminated as herein provided, this Agreement shall continue for a three (3) year period, beginning Sept. 15, 1978, and ending Sept. 15, 1981, and shall thereafter continue on a year to year basis; after the initial three (3) year period, either party shall have the right of termination on six (6) months prior written notice to the other party.

Staats argues that this termination clause is ambiguous; its meaning not appropriately determined on a motion for summary judgment. Moreover, Staats argues that rules of construction compel a finding that the contract precludes any termination notice before September 15, 1981 and in fact requires that the contract continue through the first yearly extension.

■ Staat's allegations as to the correct construction of the contract must be examined in the light of well-established principles of contract law as applied in Colorado. The primary purpose of construing and interpreting a written agreement is to ascertain the intent of the parties, which is to be determined primarily from the language of the instrument itself. *See Harrison Western Corp. v. Gulf Oil Co.*, 662 F.2d 690, 694–95 (10th Cir.1981); *Ader v. Hughes*, 570 F.2d 303, 309 (10th Cir.1978). The express provisions of a document should not be rewritten merely because of the contrary assertions of a party to the agreement. *See Griffin v. United Bank of Denver*, 198 Colo. 239, 599 P.2d 866, 868 (1979). Rather, I must enforce an unambiguous contract as written and in accordance with its terms. *See, e.g., People v. Johnson*, 618 P.2d 262, 266 (Colo.1980); *Jameson v. Foster*, 646 P.2d 955, 958 (Colo.App.1982).

■ In construing instruments to determine their meaning, I am also guided by a number of established rules. The prime objective is to ascertain the intention of the parties from the plain and generally accepted meaning of the words used from the language of the agreement. *See Ader v. Hughes, supra; Cave Constr., Inc. v. United States*, 387 F.2d 760, 762 (10th Cir. 1967). *See also Griffin v. United Bank of Denver, supra; Radiology Professional*

*Corp. v. Trinidad Area Health Ass'n, Inc.*, 195 Colo. 253, 577 P.2d 748, 750–51 (1978). I must avoid a construction which is unreasonable or absurd, and should be hesitant to imply conditions or terms which result in a breach. *See Sunshine v. M.R. Mansfield Realty, Inc.*, 195 Colo. 95, 575 P.2d 847, 849 (1978); *Bator v. Mines Development, Inc.*, 32 Colo.App. 320, 513 P.2d 220, 225 (1973). Where, as here, the evidence of agreement between the parties consists of an unambiguous document, the determination of the meaning and effect of its provisions is a question of law for the Court, proper for resolution by summary judgment. *See, e.g., Harrison Western Corp. v. Gulf Oil Co., supra ; Resort Car Rental System, Inc. v. Chuck Ruwart Chevrolet, Inc.*, 519 F.2d 317, 320 (10th Cir.1975); *Eastern Tunneling Corp. v. Southgate Sanitation District*, 487 F.Supp. 109, 112 (D.Colo. 1980); *Radiology Professional Corp. v. Trinidad Area Health Ass'n, supra ; Martynes and Associates, No. 1 By Martynes v. Devonshire Square Apartments*, 680 P.2d 246, 249 (Colo.App.1984).

■ While paragraph 3(e) of the contract could have been more artfully drafted, its meaning and import are clear. The analysis advanced by Staats relies upon strained interpretations of language and grammar. To view paragraph 3(e) as requiring an initial term longer than three years would eviscerate the plain meaning of the contract.

This is not a situation where the terms of the agreement need be applied against the party responsible for drafting the agreement. *See, e.g., Christmas v. Cooley*, 158 Colo. 297, 406 P.2d 333, 335 (1965). Such analysis should only be applied as a last resort. Here, however, the meaning of the document is clear. *See Quad Constr. Co. v. Wm. A. Smith Contracting Co.*, 534 F.2d 1391, 1394 (10th Cir.1976). Moreover, neither party is a stranger to the business world or to transactions such as the one into which they entered. Staats had full opportunity to review the contract prior to signing it. In fact, Staats attorney Thomas Harshman was concerned with the initial

language of paragraph 3(e) and suggested modifications which were made.[3]

Staats also argues that the provisions in paragraph 3(e) were intended for Staats benefit and should, accordingly, be interpreted for the benefit of the party for whose protection they were inserted. *Christmas v. Cooley, supra.* The contract, however, gives benefits to both sides, allowing either party the option to terminate. Paragraph 3(e), when drafted, was not clearly designed for the protection of Staats. Hence there is no justification for balancing the interpretation in Staats' favor.

Paragraph 3(e) was clearly intended to allow termination by either party upon six months prior notice, provided that said termination would not occur before September 15, 1981. This is the unambiguous and plain meaning of the language of the contract.

Finally, Staats argues that various other breaches of the contract by Pioneer preclude allowing termination of the contract on September 15, 1981. By this argument Staats seeks to bolster its first and second claims for relief with the facts and legal theories underlying the third through sixth claims for relief. Claims one and two, however, deal specifically with Pioneer's termination and the validity of Pioneer's exercise of that right. Trying to bootstrap all of the claims together is inconsistent with the claims presented in the amended complaint. Other claims of breach of contract are irrelevant to Pioneer's motion for summary judgment which focuses only upon the first two claims asserted in the amended complaint.

Staats correctly notes that if Pioneer's alleged breaches go to the essence of the contract then the affect of Pioneer's at-

tempted termination will be constrained. Thus, Corbin has suggested that:

> a party who has reserved a power of termination loses that power if he himself commits such a breach as goes to the essence and discharges the other party. A subsequent notice of termination has no effect upon the other party's right to full damages for the existing total breach. However, one who commits a partial breach that does not discharge the other party from his contractual obligation does not thereby extinguish his power of termination that is expressly reserved.

6 A. Corbin, CORBIN ON CONTRACTS § 1266, at 68–69 (2d ed. 1962). *See also Concrete Specialities, Inc. v. Smith Constr. Co.*, 423 F.2d 670 (10th Cir.1970). This argument, however, goes to the amount of damages Staats may recover on the third through sixth claims for relief. It has nothing to do with the proper interpretation of the termination clause which is alleged in the first and second claims. Thus, if Pioneer's breaches, as alleged in the third through sixth claims for relief, go to the essence of the contract then Staats damages may include losses which arose over the course of the entire contract including the extensions. Pioneer could not minimize the damages it could owe to Staats by seeking to terminate the contract. Logically, however, breach of contract claims are independent of the issue of interpreting the termination clause as raised in the first and second claims and addressed in Pioneer's motion for partial summary judgment.

The motion for partial summary judgment is granted.

## REMOVAL OF LIS PENDENS

 Colorado law as applied by this court pursuant to 28 U.S.C. § 1964,[4] provides:

---

**3.** The parties agree as to Harshman's role in negotiating the contract. Beyond this, Pioneer also refers to a letter from Harshman and his deposition, which indicate Staats' acquiescence to Pioneer's interpretation of paragraph 3(e). The latter evidence was not properly presented

to the court and cannot support the motion for partial summary judgment. *See Holloway v. John E. Smith's Sons Co.*, 432 F.Supp. 454, 456 (D.S.C.1977).

**4.** 28 U.S.C. § 1964 provides:

(1) *Filing and Notice.* Only after filing any pleading wherein the affirmative relief is claimed affecting the title to real property, a party may record in the office of the clerk and recorder of the county in which the property is situated a notice of lis pendens. . . .

Colo.R.Civ.P. 105(f). When a plaintiff's complaint seeks only money damages and no affirmative relief affecting the title, possession, use or enjoyment of any property then a trial court can order the release of a lis pendens related to the complaint filed in that court. *See Peoples Bank & Trust Co. v. Packard,* 642 P.2d 57 (Colo.App.1982).

■ With the exception of a generalized claim for "such additional relief as this Court deems just and proper," Staats' amended complaint seeks solely monetary damages. Although a court may, in its sound discretion, award equitable relief in the face of pleadings seeking only monetary relief, such generalized pleadings are insufficient to support the filing of a lis pendens. *See Blazer v. Black,* 196 F.2d 139, 147 (10th Cir.1952); *Peoples Bank & Trust Co., supra.* Particularized pleadings affecting real property are necessary to permit the encumberance of property by a lis pendens prior to adjudication of the claimants rights.

Staats argues that a restrictive view of the pleadings required by Colo.R.Civ.P. 105(f) is inconsistent with federal notice pleading and judicial remedies incorporated in Fed.R.Civ.P. 8 and 54. Such reliance on state procedural rules, claims Staats, is inconsistent with the doctrine requiring that federal rules guide federal proceedings.

*See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Staats suggests that 28 U.S.C. § 1964 restricts reliance on state procedures to the statutory provisions creating lis pendens[5] and that federal law does not include the procedural implementation of that statute.

Staats' argument carries little weight. First, 28 U.S.C. § 1964 specifically adopts state law, not just state statutes, as the method for filing a lis pendens relating to actions filed in federal court. The federal statute requires that, ". . . State law must be complied with in order to give constructive notice of such an action pending in a United States district court as it relates to real property in such State." 28 U.S.C. § 1964. Thus, federal law can incorporate state procedural mechanisms providing for lis pendens. Second, Colo.R.Civ.P. 105(f) is not inconsistent with Fed.R.Civ.P. 8 and 54. Requiring particularized pleading of a claim relating to real property as a requisite to the filing of a lis pendens does not affect the ultimate remedies which a federal court can award. The, adoption of Colo. R.Civ.P. 105(f) does not conflict with federal control of federal court procedures or remedies, nor does it abrogate control of federal courts to state laws, save to the extent mandated by the federal statute itself.

Finally, the state statute providing for lis pendens only makes general provision for lis pendens. It establishes no procedures for such filings. If the procedures established in Colo.R.Civ.P. 105(f) are not adopted for lis pendens relating to federal civil suits then not only would federal re-

---

Constructive notice of pending actions
 Where the law of a State requires a notice of an action concerning real property pending in a court of the State to be registered, recorded, docketed, or indexed in a particular manner, or in a certain office or county or parish in order to give constructive notice of the action as it relates to the real property, and such law authorizes a notice of an action concerning real property pending in a United States district court to be registered, recorded, docketed, or indexed in the same manner, or in the same place, those requirements of the State law must be complied with in order to give constructive notice of such an action

pending in a United States district court as it relates to real property in such State.

5. Colo.Rev.Stat. § 38–35–110 (1982 Replacement Volume) provides:
 Lis pendens as notice, when sufficient. The filing of notice of pendency of an action in compliance with law shall from the time of the filing thereof be notice to all persons who may subsequently acquire any right, title, interest, or estate in and to the real property described in such notice from any grantor or from any source whatsoever.

leases pursuant to Rule 105(f) be improper, but the initial filings pursuant to that rule would also be improper. Thus, if Rule 105(f) cannot be adopted by this court then the original lis pendens filed by Staats is without authority and must be released.

In the final analysis, federal law requires the adoption of relevant state statutes and procedural rules dealing with the filing of lis pendens. As such, according to Colorado law, a lis pendens can only be filed if it relates to a lawsuit specifically alleging some claim to real property. Here Staats asserts no such claim and the lis pendens must be released.

My findings herein may directly affect Magistrate Clifton's ruling granting plaintiff leave to amend its complaint to add specific performance as a prayer for relief. Staats shall respond to Pioneer's motion for reconsideration of the magistrate's decision, filed October 29, 1984, on or before November 13, 1984. Pioneer may reply on or before November 23, 1984.

IT IS THEREFORE ORDERED that the defendant's motion for partial summary judgment is granted. It is further ordered that the lis pendens filed in connection with this lawsuit shall be released.