# January Term, 1970

No. 22580.

NAVAJO FREIGHT LINES, INC., A NEW MEXICO CORPORATION
*v.* RICHARD O. MOORE AND WILLIAM C. VAN DYKE.
(463 P.2d 460)

Decided January 12, 1970.

540

Isaacson, Rosenbaum, Goldberg & Miller, Louis G. Isaacson, Stanton D. Rosenbaum, John S. Pfeiffer, for plaintiff in error.

Charles Ginsberg, Edward B. Almon, for defendants in error.

*En Banc.*

Mr. Justice Lee delivered the opinion of the Court.

The parties will be referred to as they appeared in the trial court, where Navajo Freight Lines, Inc. was defendant and Richard O. Moore and William C. Van Dyke were plaintiffs.

Moore and Van Dyke, who were in the business of auditing freight bills for public carriers, brought an action against Navajo Freight Lines, Inc. for compensation alleged to be owing for auditing services rendered to defendant. Defendant employed plaintiffs initially pursuant to an oral agreement by which plaintiffs were to be paid a sum equal to five percent of the amount of the increase in freight billings determined by their audit to be due and owing defendant. Plaintiffs claimed $5,957.92 for services rendered defendant under this oral agreement. Plaintiffs' second claim arose out of similar services rendered pursuant to a written agreement of April 1963, consisting of correspondence between the

parties, by which plaintiffs were to be paid fixed compensation of $1,500 per month, plus twenty-five percent of any sums collected by reason of their audits in excess of $5,000 per month. This arrangement was modified in writing on March 1, 1964, to provide for compensation equal to forty percent of the revenue increase by reason of the auditing services, without any guaranteed monthly payment. Plaintiffs alleged a balance due under this agreement of $28,918.10.

Defendant's answer generally denied it was indebted to plaintiffs and affirmatively alleged defenses of payment in full and account stated. Thereafter, pursuant to R.C.P. Colo. 68, defendant made an offer of judgment for $5,836.02. This offer was not accepted by plaintiffs. At the commencement of the trial, defendant increased the offer of judgment to $5,979.27, which was likewise declined by plaintiffs.

Trial was to the court without a jury. There was no dispute concerning the terms of the agreements between the parties upon which plaintiffs' claims were based. Nor was there any substantial dispute as to the dollar amount of receivables as audited, nor as to the commissions remitted to plaintiffs by defendant on accounts actually collected. The controversy concerns the interpretation or meaning of the phrases "* * * 25% of *amounts collected* * * *" as contained in the April 1963 agreement, and "* * * forty percent of the *balance due collected* * * *" as contained in the March 1964 modification agreement. We perceive plaintiffs' position to be that they were entitled to a percentage commission on all of the audited "balance due bills" (accounts receivable), whether collected or not, unless the defendant proved that the uncollected accounts were in fact uncollectible. Plaintiffs had introduced into evidence all of the original uncollected balance due bills which had been audited by them and upon which they claimed a commission. However, plaintiffs presented no evidence whatsoever concerning the collectibility of these questioned accounts, nor did

they offer any proof of lack of diligence or good faith by defendant in its attempts to collect such accounts.

The defendant moved to dismiss plaintiffs' claims for relief under R.C.P. Colo. 41 (b) (1) at the conclusion of plaintiffs' case, on the ground that under the facts and the law plaintiffs had shown no right to relief. The court denied this motion, commenting: "* * * That the defendants [sic] had, of their own volition, seen fit to not collect this amount. And as such, the amount, would be due them."

Defendant then presented evidence that the accounts in question were handled as other accounts were handled in the regular course of its business and according to the customs of the industry. Demand letters were sent out. The accounts were then sent to Dun and Bradstreet for collection. As a last resort, if the amount involved warranted, accounts were turned over to attorneys for legal action. Defendant presented further evidence that the company records concerning these accounts in question had been destroyed in the great June flood of 1965 and as a result they could not be produced at trial to show the individual treatment given each account. Plaintiffs offered no evidence in rebuttal.

At the conclusion of the evidence, defendant renewed its motion for dismissal which was again denied by the court. Written findings of fact, conclusions of law, and judgment were then entered by the court. In its findings, the court stated:

"The Court feels diligent efforts have not been made toward collection of these accounts and the burden the Court feels in this situation is upon the Defendant to come forward and show that efforts have been made to collect these accounts. These accounts are in the Defendant's exclusive possession. They sent them to the collecting services and the Plaintiffs are in no position whatsoever to know what action has been taken. The Defendants [sic] have seen fit to not show the Court the efforts that have been made on these individual accounts,

and so the Court is going to enter judgment in the amount that will be calculated."

Judgment against defendant was then entered for $28,392.20, with interest.

We need consider only one alleged error which goes to the very heart of this case and which requires reversal: that the trial court erred in placing the burden of proof upon the defendant to establish that it did make a reasonable effort to collect the accounts.

■■ It is quite clear that under the terms of the agreement plaintiffs' compensation for services was never intended to be an absolute one based only upon the total of the balance due bills as determined by plaintiffs' audit. Rather, the parties intended that the compensation was to be payable out of a fund to be collected by defendant from its carrier customers which the audit showed were indebted to defendant. Otherwise, the phrases "amounts collected" and "balance due collected" as used in the agreement would be without meaning. Where, as here, the compensation agreed to be paid for services rendered is to be paid out of a fund to be collected by the party for whom such services were rendered, there is an implied obligation on the part of the promisor to exercise reasonable diligence to collect the fund from which the promisee may be compensated for such services; and, in default of the exercise of such diligence, payment may become due without the performance of the condition. *Van Buskirk v. Kuhns,* 164 Cal. 472, 129 P. 587 44 L.R.A., N.S., 710; *Public Market Co. v. Portland,* 171 Or. 522, 130 P.2d 624; 6 *S. Williston, Law of Contracts* §677 (3d ed. W. Jaeger 1957); 6 *Corbin on Contracts* §1362 (1962). As stated by Professor Williston, it is a principle of fundamental justice that if a promisor is himself the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of that failure.

■ In the posture of the action in the trial court, there was no dispute as to the following: the dollar

amount of the audited accounts which had been collected; the commissions to which plaintiffs were entitled on these accounts; and also, that such commissions had in fact been paid by the defendant to plaintiffs. Although not pleaded in the complaint, plaintiffs charged defendant with lack of diligence in its efforts to collect those accounts which remained uncollected, and claimed therefore that such accounts should be treated as though they had in fact been collected, thus entitling plaintiffs to additional compensation. The burden of proof is upon one who asserts a claim for relief to establish the same by a preponderance of the evidence and, here, it was upon plaintiffs to prove that defendant did not exercise reasonable diligence in attempting to collect the remaining receivables the collection of which otherwise would be a condition to the payment of the compensation sought.

The trial court, having misapplied the law in this respect and having wrongfully placed the burden of proof on the defendant, improperly entered judgment against defendant, based in effect not on the evidence but upon a presumption not supported in law or fact.

The judgment is reversed and the cause remanded to the trial court with instructions to grant a new trial.

MR. JUSTICE PRINGLE not participating.