INTERDIGITAL TECHNOLOGY
CORPORATION

v.

OKI AMERICA, INC. and Qualcomm
Incorporated.

No. 93–2004.

United States District Court,
E.D. Pennsylvania,
Civil Division.

Oct. 18, 1994.

Gary M. Hoffman, John T. Kotelly, Dickstein, Shapiro & Morin, Washington, DC, for Interdigital.

Louis M. Lupin, Cooley, Godward, Castro, Huddleson & Tatum, San Diego, CA, Frank E. Rogozienski, Law Offices of Frank E. Rogozienski, Inc., Coronado, CA, for Qualcomm.

## MEMORANDUM

BARTLE, District Judge.

This is an action for infringement of three patents involving cellular phone technology. Plaintiff, InterDigital Technology Corporation ("ITC"), has sued two defendants, Qualcomm Incorporated ("Qualcomm") and OKI America, Inc. ("OKI"). Shortly before the close of discovery, ITC and defendant OKI settled. The remaining defendant Qualcomm now moves to prevent ITC from introducing at trial any evidence against Qualcomm of contributory infringement or inducement of infringement where OKI, the settling defendant, was the direct infringer.

On July 22, 1994 the court, at the request of ITC and OKI, signed a "Stipulated Order of Dismissal" ("Order"). The Order begins with several "Whereas" clauses. Included is a reference to ITC's request in the lawsuit for a declaration of infringement of U.S. Patents No. 5,119,375, 5,228,056, and 5,179,571 against OKI. Another "Whereas" clause

states that "... OKI America has entered into a License Agreement with ITC dated July 19, 1994 (the 'License Agreement') that settles the claims alleged in this case...."

The Order then provides in relevant part:

1. It is, therefore, STIPULATED by and among OKI Electric, OKI America and ITC (the "Settling Parties"), and Ordered by this Court, that this case shall be dismissed, with prejudice, pursuant to the terms of the License Agreement, and the Settling Defendants shall pay the royalty advance to ITC set forth in the License Agreement within 14 days of the execution date of the License Agreement.[1]

2. ITC's claims against Qualcomm and Qualcomm's counterclaims against ITC shall not be dismissed, or in any way affected or released by this STIPULATED ORDER OF DISMISSAL, and such claims and counterclaims shall remain pending.

■ Evidence of OKI's direct infringement of ITC's patents is an integral part of ITC's contributory infringement and inducement of infringement claims against Qualcomm. Under the patent statute, anyone who "sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process" is liable as a contributory infringer. 35 U.S.C. § 271(c). Additionally, persons who actively induce "infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). As the Supreme Court explained, "it is settled that if there is no direct infringement of a patent there can be no contributory infringement." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341, 81 S.Ct. 599, 602, 5 L.Ed.2d 592, *reh'g denied*, 365 U.S. 890, 81 S.Ct. 1024, 6 L.Ed.2d 201 (1961). Similarly, direct infringement must be shown in order to maintain a claim of inducement of infringement. *Met–Coil Sys. Corp. v. Korners Un-*

*limited, Inc.*, 803 F.2d 684, 685 (Fed.Cir. 1986).

■ Qualcomm asserts that despite ITC's attempt to preserve its claims against Qualcomm, the dismissal of OKI with prejudice operates as a bar to ITC's contributory infringement and inducement of infringement counts against Qualcomm. Qualcomm argues that the voluntary dismissal of OKI with prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure acts as an adjudication in OKI's favor on the issue of direct infringement. According to Qualcomm, this adjudication precludes ITC from establishing its contributory infringement and inducement of infringement claims against Qualcomm because any evidence of OKI's direct infringement is precluded.

■ It is well settled that a dismissal with prejudice, as occurred here, acts as a judgment on the merits in favor of the dismissed defendant, in this case OKI. *Harrison v. Edison Bros. Apparel Stores*, 924 F.2d 530, 534 (4th Cir.1991), *reh'g, in banc, denied*, (4th Cir. Feb. 21, 1991); *Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1504 (11th Cir.1990); *Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986); *Nemaizer v. Baker*, 793 F.2d 58, 60 (2d Cir.1986); *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir.1985); *Sheridan v. Fox*, 531 F.Supp. 151, 155 (E.D.Pa.1982). The effect of such an adjudication on subsequent proceedings is determined by the rules pertaining to claim preclusion and issue preclusion.[2]

■ Claim preclusion, sometimes known as res judicata, exists when three elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir.1993) (quotation omitted). Following a dismissal with prejudice, claim pre-

---

1. OKI Electric, the parent of OKI America, was previously dismissed from this case for lack of personal jurisdiction.

2. ITC cited two additional cases during oral argument. However, those actions are not relevant as they address the effect of a release on a joint tortfeasor while this suit involves the impact of a dismissal with prejudice pursuant to a court order. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 500–01, 84 S.Ct. 1526, 1539–40, 12 L.Ed.2d 457 (1964); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 342–46, 91 S.Ct. 795, 808–10, 28 L.Ed.2d 77 *reh'g denied*, 401 U.S. 1015, 91 S.Ct. 1247, 28 L.Ed.2d 552 (1971).

clusion bars a later suit involving the same claims and the same parties. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955); *Nemaizer*, 793 F.2d at 61. Consequently, ITC could not sue OKI again on those claims which this court has dismissed with prejudice. Qualcomm, in contrast, stands in a different position. There was no dismissal in favor of Qualcomm and Qualcomm is not in privity with OKI. They are not in a relationship such as principal-agent, employer-employee, or predecessor-successor. Therefore, claim preclusion does not prevent ITC's contributory infringement and inducement of infringement claims against Qualcomm.

■ We now turn to issue preclusion, sometimes known as collateral estoppel. In contrast to claim preclusion, issue preclusion acts to bar relitigation of an issue when: "(1) the identical issue was decided in a prior adjudication; (2) there was a final judgment on the merits; (3) the party against whom the bar is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom the bar is asserted had a full and fair opportunity to litigate the issue in question." *Board of Trustees of Trucking Employees of North Jersey Welfare Fund, Inc.–Pension Fund v. Centra*, 983 F.2d 495, 505 (3d Cir.1992) (citation omitted). Unlike claim preclusion, issue preclusion may be invoked by a person or entity who was not a party or in privity with a party in an earlier adjudication.

Issue preclusion, however, requires that "the identical issue was decided" in the earlier case. It does not apply to an issue which was dismissed in an earlier litigation when no findings of fact or conclusions of law were made with respect to that issue. *Bundrick v. United States*, 785 F.2d 1009, 1011 (Fed.Cir.), *cert. denied*, 479 U.S. 816, 107 S.Ct. 72, 93 L.Ed.2d 28 (1986). As the Supreme Court explained concerning the effect of a dismissal with prejudice, "the judgment was unaccompanied by findings and hence did not bind the parties on any issue ... which might arise in connection with another cause of action." *Lawlor*, 349 U.S. at 327, 75 S.Ct. at 868. The stipulated order of dismissal with prejudice involving ITC and OKI was a result of the settlement of their differences before trial. No issues were actually decided by the court or jury.

Settlements, of course, are highly favored in the law. If ITC were barred from later litigating the contributory infringement and inducement of infringement claims against a party such as Qualcomm, settlement before trial with other parties such as OKI would be discouraged. *See Zenith Radio Corp.*, 401 U.S. at 347, 91 S.Ct. at 810. Issue preclusion is designed to promote economies, not to thwart settlements.

■ In sum, a dismissal with prejudice before an issue or claim has been decided in an adversarial setting constitutes a final judgment barring relitigation for the purposes of claim preclusion but not for issue preclusion. *See Harrison v. Edison Bros. Apparel Stores, Inc.*, 724 F.Supp. 1185, 1191 (M.D.N.C.1989), *aff'd in part and rev'd in part on other grounds*, 924 F.2d 530, 534 (4th Cir.1991). Here, ITC's claims against OKI for direct infringement were not decided as required under the issue preclusion test. Consequently, ITC's claims of contributory infringement and inducement of infringement against Qualcomm are not barred even though the stipulated order of dismissal with prejudice was entered in favor of OKI. *See In re Daley*, 776 F.2d 834, 838 (9th Cir.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).[3]

Accordingly, Qualcomm's motion in limine to prevent evidence concerning ITC's contributory infringement and inducement of infringement claims will be denied.

---

3. We note that the cases cited by Qualcomm do not contradict this result. The Eleventh Circuit in *Citibank* noted that "it may well be that those claims are not barred by collateral estoppel or issue preclusion." 904 F.2d at 1504. The Fourth Circuit in *Harrison* did not explicitly employ claim preclusion analysis but cited with approval to the *Citibank* decision. 924 F.2d at 534–35.