A96A2498, A96A2499. ATHA v. ATHA; and vice versa.
(480 SE2d 298)

McMURRAY, Presiding Judge.

This is an action by plaintiff William M. Atha against his nephew Thomas Alan Atha on two promissory notes which were executed and delivered by defendant to plaintiff in exchange for two checks. The transactions occurred in order to finance defendant's attempts to develop landfill sites.

Plaintiff's first check in the amount of $22,000 was given to defendant in exchange for a handwritten note dated January 9, 1991 and stating: "I, Alan Atha, agree to pay William Atha $22,000 at the time Able Properties [a corporate entity of which defendant was president and through which he was attempting the landfill development] has secured financing from a financial institution. One year from this date I agree to pay another $22,000 to Wm. Atha or to his estate." A further check for $65,000 was delivered by plaintiff to defendant for a second note dated "2-12-91" stating: "I, Alan Atha, do agree to pay on behalf of Able Properties, Inc. to William Atha, $65,000.00 at the time of Bond Program and a additional $65,000.00 within one year after landfill business is in operation."

Maintaining that the notes were due and payable, plaintiff sought a judgment in the amount of $87,000 plus interest. On opposing motions, the superior court granted a partial summary judgment in favor of plaintiff in the principal amount of $22,000 based on the first note and granted a partial summary judgment in favor of defendant regarding the claim based on the second note. In Case No. A96A2498, plaintiff appeals the partial summary judgment in favor of defendant while Case No. A96A2499 is the cross appeal of defendant from the partial summary judgment in favor of plaintiff. *Held*:

We affirm. The superior court correctly concluded that with one exception the conditions for repayment stated in the notes did not occur.

The one exception involves the proper construction of the second sentence of the first note. What point in time is meant by "this date" is ambiguous so that the superior court properly looked to parol evidence to explain this term. In his deposition defendant explained the first agreement as follows: "Q. You told William Atha that you would pay him his money back and double it when you secured financing? A. That's correct. Q. And when did you anticipate securing financing? A. No more than a year. Q. And you also assured him that you would pay him $22,000 a year after you executed the agreement? A. Yes." While defendant now maintains that "this date" refers to a future date when Able Properties, Inc. would secure financing, this contradiction in defendant's testimony places upon him a burden to offer a reasonable explanation which he has not done. *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (1), 30 (343 SE2d 680). Under these circumstances the superior court did not err in finding that "this date" was the date of the note and consequently, that the condition for repayment of $22,000 on the first note had occurred.

None of the remaining conditions of repayment under either note has occurred. Able Properties, Inc. never obtained financing from a financial institution, began the Bond Program, or operated a landfill business.

With regard to the failure of Able Properties, Inc. to obtain financing from a financial institution, it is true that there was an implied duty to diligently seek such funding. Defendant testified that he filled out forms and applied for such a loan. That loan application suggests due diligence and the fact that a loan application was submitted to only one financial institution does not, without more, show a lack of diligence. *Nalley v. Harris*, 176 Ga. App. 553, 554 (1) (336 SE2d 822).

Furthermore, and contrary to plaintiff's argument there was never any landfill in operation. The activity involved in engineering studies of the proposed sites did not culminate in the acceptance of any garbage for disposal. The preparatory work did not constitute

the "operation" of a landfill within the usual meaning of the word. *Judgments affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JANUARY 16, 1997.

*Potts & Badaruddin, James H. Potts II, Shandor S. Badaruddin,* for appellant.
*Zachary & Segraves, Stephen M. Gibbs,* for appellee.