Debbie **LEITING**, Plaintiff–Appellee,

v.

Vinay **MUTHA**, Defendant–Appellant.

No. 00CA2227.

Colorado Court of Appeals, Div. V.

Feb. 28, 2002.

Certiorari Denied Dec. 16, 2002.

Walter H. Sargent, P.C., Walter H. Sargent, Colorado Springs, Colorado; Law Offices of David H. Pearlman LLC, David H. Pearlman, Colorado Springs, Colorado, for Plaintiff–Appellee.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; Hanson & Associates, Stuart K. Theodore, Greenwood Village, Colorado, for Defendant–Appellant.

Opinion by Judge NIETO.

Defendant, Vinay Mutha, appeals the judgment entered in favor of plaintiff, Debbie Leiting, after a jury trial. We reverse and remand for a new trial.

Plaintiff brought this negligence action against defendant for damages resulting from an automobile collision. Defendant admitted that he was negligent in causing the accident but disputed the cause and extent of plaintiff's injuries.

At trial, plaintiff sought, pursuant to CRE 803(8)(C), to introduce the decision of an Administrative Law Judge (ALJ) rendered in a Social Security Administration hearing involving the plaintiff and a depression inventory prepared by a doctor who had examined plaintiff but did not testify at the trial. The depression inventory was a printed form containing handwritten numerical values for certain symptoms and for three items identified only by initials. It also contained a handwritten statement, "Findings consistent [with] moderate to severe depression." Defendant objected on the grounds that each document contained inadmissible hearsay. The trial court overruled the objections and admitted the documents. The jury returned a verdict in favor of plaintiff, and the trial court entered judgment accordingly.

### I.

Relying on CRE 805, defendant contends that, even if the ALJ's decision was otherwise admissible under CRE 803(8), it was inadmissible here because it contained statements by doctors that were hearsay and that were not subject to any exception to the hearsay rule. We agree.

" 'Hearsay' is a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." CRE 801(c). Hearsay is inadmissible unless it falls within a statutory exception or an exception found in the Colorado Rules of Evidence.

CRE 802; *Schmutz v. Bolles,* 800 P.2d 1307 (Colo.1990). Hearsay within hearsay is admissible only if each part of the combined statements conforms with an exception to the hearsay rule. CRE 805.

Barring a lack of trustworthiness, records, reports, statements, or data compilations of public offices or agencies offered in a civil proceeding that set forth factual findings resulting from an investigation made pursuant to authority granted by law are admissible as an exception to the hearsay rule. CRE 803(8)(C); *Kelln v. Colorado Department of Revenue,* 719 P.2d 358 (Colo.App.1986).

The federal rule, Fed.R.Evid. 803(8), is nearly identical to CRE 803(8). Cases interpreting a similar federal rule of evidence are instructive, *People v. Segura,* 923 P.2d 266 (Colo.App.1995), and so we consider such cases here.

To be admissible under Fed. R.Evid. 803(8)(C), "a report must first be a set of 'factual findings.' " *Bright v. Firestone Tire & Rubber Co.,* 756 F.2d 19, 22 (6th Cir.1984). Further, a statement in a report must be the conclusion of an agency, rather than the mere accumulation of information. *See McCormick on Evidence* § 296 (J. Strong 5th ed.1999); *see also United States v. Ortiz,* 125 F.3d 630 (8th Cir.1997); *United States v. Mackey,* 117 F.3d 24 (1st Cir.1997). "[P]ortions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 170, 109 S.Ct. 439, 450, 102 L.Ed.2d 445, 463 (1988)(discussing admissibility of investigators' opinions and conclusions).

Only those portions of a record or report that set forth factual findings resulting from an investigation made pursuant to authority granted by law are admissible under CRE 803(8)(C). *See Thirsk v. Ethicon, Inc.,* 687 P.2d 1315 (Colo.App.1983)(portions of report that were either matters observed pursuant to a duty imposed by law or factual

findings resulting from an investigation made pursuant to authority granted by law were admissible under CRE 803(8)).

 Statements are not automatically admissible under CRE 803(8) merely because they are contained in a public report. *See Parsons v. Honeywell, Inc.*, 929 F.2d 901 (2d Cir.1991)(while police report itself would be admissible as a public record under Fed. R.Evid. 803(8), statement made to officer was inadmissible unless it qualified under some other exception to the hearsay rule); *United States v. De Peri*, 778 F.2d 963 (3d Cir. 1985)(while Fed.R.Evid. 803(8)(B) would permit the introduction of FBI records, hearsay statements contained in the reports inadmissible without separate hearsay exception).

 Here, the ALJ's decision contained a recitation of the evidence presented at the Social Security hearing, including statements attributed to various doctors regarding plaintiff's condition. These statements were not factual findings or conclusions of the Social Security Administration, but rather a summary of the evidence presented at the hearing. As such, they do not fall within the exception to the hearsay rule under CRE 803(8)(C). Thus, the statements are hearsay and inadmissible unless they qualify under another hearsay exception.

 Plaintiff argues that these statements are admissible under the hearsay exception in CRE 803(4), which allows admission of statements made for purposes of medical diagnosis or treatment. However, the statements in question do not meet the requirements of this rule because they are statements of the physician's diagnosis, rather than the patient's recitation of information necessary for diagnosis or treatment. The exception in CRE 803(4) typically applies to statements made to a physician for the purpose of obtaining medical diagnosis or treatment. *See, e.g., King v. People*, 785 P.2d 596 (Colo.1990); *People v. Perez*, 972 P.2d 1072 (Colo.App.1998). Plaintiff cites no case, and we are aware of none, holding that CRE 803(4) applies to statements by physicians describing their diagnosis or treatment of a patient. Thus, CRE 803(4) does not extend to such statements in the ALJ's decision.

 Plaintiff also argues that the statements are admissible under CRE 803(6) as medical records kept in the regular course of business. CRE 803(6) allows the admission of reports, records, or data compilations of acts, events, conditions, opinions, or diagnosis, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the reports, records, or data compilations, all as shown by the testimony of the custodian. The term "business" as used in CRE 803(6) includes any "business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit."

However, the statements in question do not meet the requirements of CRE 803(6). The statements are not medical records, but rather the ALJ's summary of medical records. The statements are an interpretation of the medical records, and the actual records were not submitted to the trial court. Further, neither the custodian of the records nor any other qualified witness authenticated the records. Therefore, the ALJ's summary of medical opinions or diagnoses was not admissible under CRE 803(6).

Accordingly, the statements attributed to doctors in the ALJ's decision were hearsay not subject to any exception and, therefore, were inadmissible.

## II.

 Defendant argues that the introduction of the ALJ's decision was not harmless error and, therefore, he is entitled to a new trial. We agree.

Error cannot be predicated on the admission of evidence unless it affects a substantial right of a party. CRE 103(a). Such error is not harmless if a different result might have been reached had the inadmissible evidence been excluded. CRE 103(a); *Tran v. Hilburn*, 948 P.2d 52 (Colo.App.1997).

 The proper inquiry in deciding a harmless error question is whether the error substantially influenced the verdict or affect-

ed the fairness of the trial. A reviewing court cannot find error to be harmless unless it "can say with fair assurance that, in light of the entire record of the trial, the error did not substantially influence the verdict or impair the fairness of the trial." *People v. Gaffney*, 769 P.2d 1081, 1088 (Colo.1989).

Here, the challenged statements in the ALJ's decision concern the nature and extent of plaintiff's injuries, which were central issues in this case. With the exception of the statements made by the doctor who testified at trial, the statements in the ALJ's decision were not supported by other evidence at trial. Further, these statements are prejudicial to defendant, as they support plaintiff's argument that her alleged injuries in fact exist and that they occurred as a result of the accident.

The fact that plaintiff emphasized the ALJ's decision and referenced the doctors' statements in closing argument exacerbates the prejudicial impact of the admission of the decision. Plaintiff suggested to the jury that some of the doctors referred to in the decision were independent sources of information because they had been selected by the Social Security Administration to evaluate plaintiff's medical condition. This suggestion bolstered the testimony of the one doctor who testified for plaintiff, without allowing defendant an opportunity to cross-examine regarding the basis or accuracy of the hearsay opinions. Defendant vigorously cross-examined the doctor who testified, and we cannot say that the bolstering did not negate the effect of the cross-examination.

The causation and extent of plaintiff's injuries were the crux of this case, and therefore, the medical evidence was of critical importance. We conclude that the admission of this evidence cannot be considered harmless error.

Accordingly, defendant is entitled to a new trial.

### III.

■ Because the issue may arise in a new trial, we address defendant's contention that the trial court erred by admitting the depression inventory because it contained hearsay and was not subject to any exception. We agree.

Plaintiff sought admission of the depression inventory on the basis that the testifying doctor, who had not prepared the inventory, used it in his treatment of plaintiff. Defendant objected on grounds that the inventory was outside the doctor's area of expertise and constituted hearsay. The trial court admitted the inventory into evidence, presumably under CRE 703, which provides, in part, that facts or data upon which an expert bases an opinion need not be admissible in evidence if of a type reasonably relied upon by experts in the particular field in forming opinions.

■ CRE 703, standing alone, does not provide a basis for admission of this evidence. That rule allows an expert to base his or her opinion on facts or data that are not admissible in evidence. *Fenton v. Fibreboard Corp.*, 827 P.2d 564 (Colo.App.1991), aff'd in part and rev'd in part, 845 P.2d 1168 (Colo.1993). An expert may describe the statements or reports he or she relied on, *People v. Bornman*, 953 P.2d 952 (Colo.App. 1997), but CRE 703 does not permit otherwise inadmissible facts or data contained in the reports or statements to be admitted merely because the expert relied on them. 29 C. Wright & V. Gold, *Federal Practice & Procedure* § 6273, at 315 (1997)(rule 703 not intended "as a vehicle for undermining other rules of evidence").

Fed.R.Evid. 703, which is otherwise similar to CRE 703, was amended in December 2000 to make clear that the facts and data relied upon by the expert are not automatically admissible. The following sentence was added to the federal rule: "Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." Although CRE 703 has not been similarly amended, this clarification to the federal rule is nonetheless instructive.

Plaintiff also argues that even if the depression inventory was hearsay, it falls within the exception in CRE 803(4). The inven-

tory does not fall within this exception for the same reasons the evidence discussed in Part I did not.

█ Plaintiff alternatively argues that the inventory falls within the exception in CRE 803(6). While the inventory may have been a report that could fall within that exception, plaintiff did not lay the foundation necessary for admission of the evidence under that rule. The doctor who testified about the inventory did not prepare it, was not its custodian, and did not explain how or why the inventory was prepared.

Accordingly, we conclude that, under the circumstances here, it was error to admit the depression inventory under CRE 703. However, on retrial it may be admissible under another rule of evidence if a proper foundation is laid.

The judgment is reversed, and the case is remanded for a new trial.

Judge DAVIDSON and judge CASEBOLT concur.