Dirk REID, Plaintiff–Appellee,

v.

Chris PYLE, Defendant–Appellant.

No. 00CA1069.

Colorado Court of Appeals,
Div. III.

April 11, 2002.

Rehearing Denied June 20, 2002.

Deisch, Marion & Klaus, P.C., Jeffrey B. Klaus, Denver, Colorado, for Plaintiff–Appellee.

Paul Grant, Englewood, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

In this consolidated action, defendant, Chris Pyle, appeals from a trial court judgment quieting title in plaintiff, Dirk Reid, to a residential property in Golden, Colorado, and denying defendant's claims concerning his loans to plaintiff. We affirm in part, reverse in part, and remand for further proceedings.

The parties were business partners and friends since childhood. Defendant helped plaintiff with the financing and construction of a house on the property, and at various times each lived in the house with their respective families, sometimes simultaneously. The parties also pooled their funds in plaintiff's bank account, which they used as a joint account for household and personal expenses.

In 1997, plaintiff executed a promissory note in favor of defendant for $40,000, due on the transfer or sale of the property, together with a quitclaim deed transferring the property to defendant "for and in consideration of the sum of One Dollar and considerations." Subsequently, the parties' relationship deteriorated.

Defendant recorded his quitclaim deed in 1998 and soon thereafter instituted a forcible entry and unlawful detainer (FED) action to remove plaintiff from the property. Plaintiff responded by instituting a quiet title action. Defendant counterclaimed to recover money he allegedly lent plaintiff to construct the house and purchase a motorhome. The matters were consolidated for trial.

## I.

■ Defendant contends that the trial court erred in concluding that the parties had not formed a partnership with respect to the property. We disagree.

■ A partnership is an association of two or more persons to carry on as co-owners of a business for profit. Section 7–60–107(1), C.R.S.2001; *Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112 (Colo. App.1990). The person asserting the partnership has the burden of proving its existence. *Fulenwider v. Writer Corp.*, 544 P.2d 408 (Colo.App.1975)(not selected for official

publication). The existence of a partnership is a question of fact to be determined from direct evidence and the inferences that can properly be drawn from that evidence, but the question whether the evidence establishes a partnership is one of law. *See Blocker Exploration Co., v. Frontier Exploration, Inc.,* 740 P.2d 983 (Colo.1987).

■ A trial court's findings of fact are given considerable deference on review, and we will not overturn them unless they are unsupported by the record. This is true even though there is support in the record for a contrary finding and even though we may have reached a different result had we acted as the finder of fact. *See People v. Harris,* 762 P.2d 651 (Colo.1988).

Here, the trial court expressly found, with support in the record, that there was no agreement to share profits and losses in the house venture and that the quitclaim deed and promissory note indicated that defendant's contribution was a loan secured by the house as collateral. We therefore find no error in the trial court's conclusion that there was no partnership.

## II.

Defendant next contends that because the promissory note does not specify a time for performance, the trial court erred by concluding that it was due only upon sale or other transfer of the property. We agree in part.

No instrument intended to secure the payment of a debt shall be deemed a conveyance, regardless of its terms. Section 38–35–117, C.R.S.2001; *Ver Straten v. Worth,* 79 Colo. 30, 243 P. 1104 (1926).

■ Here, the trial court found that the parties intended to and did create a lien on the property because the quitclaim deed was meant to secure payment of an underlying debt or obligation. *See Alien, Inc. v. Futterman,* 924 P.2d 1063 (Colo.App.1995). The handwritten markings on the deed, the promissory note, defendant's contributions to the construction of the house, and concessions in his trial court briefs provide record support for that conclusion; hence, the trial court's findings are binding on appeal. *See Griffin*

*v. United Bank,* 40 Colo.App. 513, 580 P.2d 818 (1978), *aff'd,* 198 Colo. 239, 599 P.2d 866 (1979).

■ Because we requested that the parties address at oral argument the effect of the law of negotiable instruments on the promissory note, we resolve that issue now.

■ To be a "negotiable instrument" subject to the statutes governing such instruments, an instrument must contain, inter alia, an unconditional promise to pay a fixed amount of money, *see* § 4–3–104(a), C.R.S. 2001, on demand or at a definite time, § 4–3–104(a)(2), C.R.S.2001. If a written agreement makes an obligation to pay subject to an express condition, not payable on demand, the agreement is not a negotiable instrument, and the statutory provisions relating to negotiable instruments are inapplicable to the transaction. *See Roa v. Miller,* 784 P.2d 826 (Colo.App.1989).

Here, plaintiff's obligation to pay was expressly conditioned on "the sale or transference" of the property. Thus, the promissory note was not a negotiable instrument and § 4–3–108, C.R.S.2001, was not applicable to it. *See, e.g., Bradley v. Buffington,* 500 S.W.2d 314 (Mo.Ct.App.1973) (instrument payable upon contingency not negotiable). To recover upon the instrument, therefore, generally defendant would be required to prove that a sale or transfer of the property had occurred. *See Roa v. Miller, supra.*

■ However, defendant may be entitled to recover upon the instrument before the happening of the contingency in this case. It is a fundamental principle that if a promisor is himself the cause of the failure of performance of a condition upon which his own liability depends, he cannot take advantage of that failure. *Navajo Freight Lines, Inc. v. Moore,* 170 Colo. 539, 463 P.2d 460 (1970) (citing 6 S. Williston, *Law of Contracts* § 677 (3d ed.1957)). Where, as here, the promisor's obligation is conditional on the occurrence of a contingency whose happening is solely within the promisor's control, the promisor has an implied obligation to exercise reasonable diligence to bring about that contingency. *See Navajo Freight Lines, Inc.*

*v. Moore, supra* (payment of money contingent on promisor establishing fund from which money would be paid); *Sorenson v. Connelly,* 36 Colo.App. 168, 536 P.2d 328 (1975) (purchase of home contingent on promisor securing financing); *see also Atha v. Atha,* 224 Ga.App. 280, 480 S.E.2d 298 (1997) (payment of money contingent on promisor securing financing).

The burden is upon the promisee to prove by a preponderance of the evidence that the promisor did not exercise reasonable diligence in attempting to satisfy the obligation. If the promisor's lack of diligence is proved, payment may become due without performance of the condition. *See Navajo Freight Lines, Inc. v. Moore, supra; see also Sorenson v. Connelly, supra.*

It is undisputed that plaintiff made some effort to sell the property before he executed the promissory note, but it is apparent from this record that he has made no effort to sell the property thereafter and in fact expressly refused to do so. Therefore, on remand the trial court should determine whether plaintiff has made and continues to make a reasonable and good faith effort to market the property, and if the trial court determines he has not, the trial court should order the promissory note immediately due and payable and proceed with any action instituted on the equitable mortgage.

## III.

Defendant also contends that the trial court erred by denying his claim for money plaintiff owed him from the purchase of a motorhome. We conclude that further findings are necessary.

## A.

Defendant specifically argues that the trial court erred by finding that he had forged the promissory note on the motorhome and vandalized the motorhome. We disagree.

When the trial court sits as the finder of fact, the credibility of the witnesses, the sufficiency, probative effect and weight of the evidence, and the inferences and conclusions to be drawn therefrom all are within its province, and its findings will not be disturbed on review unless manifestly erroneous. *See Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913 (Colo.1997); *People v. Harris, supra.*

The trial court's findings concerning the source of the promissory note and defendant's involvement in the vandalism are supported by plaintiff's testimony as well as testimony that defendant admitted to the vandalism and was the last person in possession of the vehicle. Therefore, we will not disturb the trial court's findings of fact.

## B.

Defendant argues that the trial court erred in concluding that his participation in the vandalism precludes his claim as to the motorhome. We agree.

The trial court, in its order, concluded that defendant had contributed to the purchase of the motorhome, but was not entitled to a share in the insurance proceeds because he vandalized the vehicle. In doing so, the trial court relied on *Baker v. Couch,* 74 Colo. 380, 221 P. 1089 (1923), *overruled by Salzman v. Bachrach,* 996 P.2d 1263 (Colo.2000), which compels courts to leave parties in the position they have placed themselves when a transaction between them is illegal, fraudulent, or immoral. In reaching this conclusion, however, the trial court failed to consider adequately the nature of the transaction.

Ostensibly, defendant's claim is for repayment of his loan to plaintiff for the purchase of the motorhome. Although the trial court concluded that the promissory note offered at trial was forged, that conclusion, standing alone, is insufficient to determine whether the transaction involved a purchase of a share in the motorhome, a gift, or a loan. The fact that defendant may have been responsible for vandalizing the motorhome does not preclude him from asserting his claims subject to any offsets available to plaintiff.

Therefore, on remand the trial court must determine the nature of the transaction involving the purchase and financing of the

motorhome and defendant's rights, if any, with respect thereto.

## IV.

Defendant also argues that plaintiff was collaterally estopped from asserting a claim that defendant vandalized the motorhome because plaintiff's subrogated insurer dismissed its action against defendant with prejudice. We address the issue because it may recur on remand. We disagree.

At the outset, plaintiff's standing to assert any claims or offsets based on damages to the motorhome was not adequately developed in the trial court; nor, except for a passing reference in the opening and reply brief, was it mentioned on appeal. Therefore, we cannot, and do not, address it.

Collateral estoppel, or issue preclusion, bars relitigation of an issue if: (1) the issue sought to be precluded is identical to an issue actually and necessarily determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *See Sunny Acres Villa, Inc. v. Cooper*, 25 P.3d 44 (Colo.2001); *Quist v. Specialties Supply Co.*, 12 P.3d 863 (Colo.App.2000). Each of these elements must be satisfied. *Sunny Acres Villa, Inc. v. Cooper, supra.*

The instant proceeding and the insurance company's suit against defendant both involve the issue of whether defendant vandalized the motorhome. Plaintiff's rights to the claim were subrogated to his insurance carrier, and therefore, plaintiff was in privity with his insurer in the prior proceeding. The insurance carrier had a full and fair opportunity to litigate because it had an adequate incentive to recover the insurance proceeds already paid to plaintiff. *See Schenck v. Minolta Office Systems, Inc.*, 802 P.2d 1131 (Colo.App.1990).

However, a dismissal with prejudice unaccompanied by findings has no pre-clusive effect on any issue. *See Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955); *Interdigital Technology Corp. v. OKI America*, 866 F.Supp. 212 (E.D.Pa.1994)(issue preclusion inapplicable to issue dismissed in earlier litigation without factual findings or conclusions of law). Nor does a dismissal of an action with prejudice unaccompanied by findings preclude subsequent litigation involving a different cause of action. *See Connaghan v. Maxus Exploration Co.*, 5 F.3d 1363 (10th Cir.1993).

Here, after defendant was acquitted in the criminal matter, the insurance carrier's action against defendant was dismissed with prejudice upon a joint motion on the ground that "the parties [had] resolved all outstanding issues." Because the case was settled, the court made no findings of fact and entered no conclusions of law. Consequently, the settlement in that case has no preclusive effect.

## V.

Finally, defendant contends that the district court improperly relied on a police officer's affidavit of probable cause to arrest him for an assault on his wife. The affidavit contained statements from defendant's wife that she had told defendant she had an affair during their separation. Defendant argues the affidavit was hearsay incorrectly admitted under the public records exception of CRE 803(8). We agree that the affidavit was erroneously admitted, but conclude that the error was harmless.

We are persuaded by the holding and analysis of CRE 803(8) in *Leiting v. Mutha*, —— P.3d ——, 2002 WL 287528 (Colo.App. No. 00CA2227, Feb. 28, 2002), and conclude that the affidavit was inadmissible hearsay. Nevertheless, the error was harmless. *See* C.A.R. 35(e); *see also Public Service Co. v. Barnhill*, 690 P.2d 1248 (Colo.1984)(receipt of inadmissible evidence harmless).

The affidavit was admitted to prove defendant's knowledge of the relationship between his wife and plaintiff. However, defendant has conceded, both in his appellate brief and

in the trial court, that on the date in question he disbelieved plaintiff's and his wife's denials of a relationship. Thus, because defendant's own statements corroborate the information in the affidavit, we perceive no prejudice to a substantial right of defendant.

The judgment is reversed as to the determination of the date the promissory note is due and payable and the plaintiff's claims with respect to the motorhome, both of which are remanded for further proceedings in accordance with the views expressed in this opinion. The balance of the judgment is affirmed.

Judge NEY and Judge DAILEY concur.